IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-29-FL

| | |
|---|---|
| HSG, LLC d/b/a "HIGH SPEED GEAR," <br><br> Plaintiff, <br><br> v. <br><br> EDGE-WORKS MANUFACTURING COMPANY d/b/a "G-CODE" *et al.*, <br><br> Defendants. | **PROTECTIVE ORDER** |

WHEREAS, all of the parties to this civil action, through counsel, jointly represent that (i) certain information, documents and things likely to be requested and produced in this action will be confidential commercial information, such as product manufacturing materials and methods, sales records, customer lists, customer contacts and customer information, business information or marketing plans, strategies or methods, pricing and financial documents, and product cost information, and (ii) filings in this action will likely include copies of, excerpts of, or detailed references to the Global Settlement Agreement between and among the parties, dated December 8, 2015 (Exhibit A to the Amended Complaint, DE#33; the "Settlement Agreement"), which contains a confidentiality provision applicable to filings in this action; therefore, to preserve the confidential or proprietary status of such information, the parties jointly request the entry of an appropriate Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties, through counsel of record in this action, have all agreed to the form and content of such an Order as hereinafter set forth; and

WHEREAS, this Order shall also govern materials produced during discovery by any nonparty, where the nonparty or a party requests the protections provided by this Order; and

BASED on the foregoing and upon a review of the proposed Protective Order, the Court believes that the entry of the Protective Order is fair, in the interest of justice, and should be entered.

NOW, THEREFORE, it is ORDERED that until this Order is amended or superseded by the Court, the parties will follow the procedures set forth below with respect to the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts and any other information, documents, objects or things that have been or will be produced by any party ("Producing Party") during proceedings in this action:

1. <u>Definition of Confidential Matter.</u>  As used herein, "Confidential Matter" shall mean any information, documents or things furnished in the course of this litigation by any party (or nonparty) that any party (or nonparty) designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to subparagraphs 1(a) or 1(b) below.

(a) Confidential Matter may be designated "CONFIDENTIAL" if the Producing Party reasonably and in good faith believes it constitutes, reflects, contains or otherwise discloses (i) material non-public insider information, confidential and/or commercially sensitive or proprietary information, such as product manufacturing methods or materials, sales records, customer lists, customer contacts and customer information, business information or marketing plans, strategies or methods, pricing and financial documents, and product cost information; (ii) personnel files; (iii) information that a party is under a duty to preserve as confidential under a court or administrative order, pursuant to Section 14 of the Settlement Agreement, or by agreement with or obligation to a third person; or (iv) other information which the Producing Party believes in good faith must be maintained in confidence in order to protect its business or commercial interests.

(b) Confidential Matter may be designated as "ATTORNEYS' EYES ONLY" if the Producing Party reasonably and in good faith believes it constitutes, reflects, contains, or otherwise discloses material identified in paragraph 1(a) and its disclosure is likely to cause current competitive harm or significant competitive disadvantage to the Producing Party.

(c) Any documents or things identified as Confidential Matter by the Producing Party shall be designated as such by stamping, marking or labeling on the face of the document the appropriate designation of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to subparagraphs 1(a) and 1(b). The stamping, marking or labeling of any disk or portable USB storage device as "CONFIDENTIAL " or "ATTORNEYS' EYES ONLY" shall constitute the designation of all documents on the disk as Confidential Matter.

(d) Any documents or things identified as Confidential Matter by a party other than the Producing Party shall be designated as such by letter to counsel for the Producing Party (with copies to other counsel) within twenty-one (21) days after receipt of the documents or things by that party. All parties shall thereafter take reasonable steps to stamp, mark or label on the face of the document or thing the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to paragraphs 2 and 3.

(e) Any party shall have twenty-one (21) days after receipt of a copy of a deposition transcript to designate portions of the testimony as Confidential Matter. Until the twenty-one (21) day period has expired, the entire deposition transcript shall be treated as confidential. The transcript of the deposition that contains such Confidential Matter shall bear the notation "Confidential Information – Subject to a Protective Order of the United States District Court for the Eastern District of North Carolina" or shall be otherwise appropriately marked by the parties. Nothing herein shall prevent a party from orally designating testimony as Confidential Matter

during a deposition, and if so designated, the Court Reporter shall be instructed to prepare the transcript of the deposition with the designated testimony marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(f) Any information, documents or things not designated as Confidential Matter shall not be covered by this Order, <u>provided</u>, <u>however</u>, that inadvertent production of any information, document or thing without identification as Confidential Matter shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to such matter, and the Producing Party thereafter may identify the same as Confidential Matter. Disclosure by any party of such matter prior to notice by the Producing Party of the confidential nature thereof shall not be deemed a violation of this Order.

2. <u>Confidentiality Restrictions.</u> All Confidential Matter made available to any party (or its counsel) through this litigation (the "<u>Receiving Party</u>") shall be treated by the Receiving Party (and its counsel) as confidential and for use solely in connection with this litigation and any appeals and not for any other purpose.

(a) Access to Confidential Matter designated as "CONFIDENTIAL" shall be restricted to the following persons, and the Receiving Party (and its counsel) shall not disclose the designated Confidential Matter to anyone other than the following persons:

(i) attorneys of record in this litigation, attorneys at the same firm assisting in this litigation, and in-house and outside counsel for the Receiving Party, including the secretarial, paralegals, legal assistants and office/support staffs of such attorneys;

(ii) officers and employees of a party having a need to know the information related to this litigation;

(iii) the Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required by this Court in the event any confidential information is to be used or introduced at trial or any other proceeding;

(iv) court reporters, stenographers and/or videographers at depositions, hearings or other proceedings in this litigation as well as third parties retained to assist counsel in copying, storing, retrieving, imaging and/or coding documents;

(v) any person to which all parties to this lawsuit stipulate to in writing or on the record in court or at a deposition;

(vi) provided that the requirements of subparagraph 2(d) below are first met, testifying and consulting experts who are retained by a party in good faith to assist in the prosecution or defense of this action (and necessary employees of those experts and consultants);

(vii) provided that the requirements of subparagraph 2(d) below are first met, witnesses or potential witnesses (including their attorneys) to whom the disclosing counsel believes, in good faith, disclosure is required to assist them in preparation for the conduct of this Action, but only to the extent the witness or potential witness (1) was an author, signatory, or prior recipient of the Confidential Matter, or otherwise had access to it, or (2) is a witness to events, circumstances, or matters related to the Confidential Matter; and

(viii) deponents (including their attorneys) to whom the disclosing counsel believes, in good faith, disclosure is required during a deposition to assist them in the taking of such deposition, but only to the extent the witness or potential witness (1) was an author, signatory, or prior recipient of the Confidential Matter, or otherwise had access to it, or (2) is a witness to events, circumstances, or matters related to the Confidential Matter.  Such

deponents who are not parties to this Action and who are not retained as experts or consultants with respect to this Action shall not retain Designated Material provided to them during the taking of their deposition.

(b) Access to Confidential Matter designated a**s** "ATTORNEYS' EYES ONLY" shall be kept confidential and shall be revealed only to and used only by the categories of individuals identified in Paragraphs 2(a)(i), 2(a)(iii), 2(a)(iv), 2(a)(v), 2(a)(vi), 2(a)(vii), and (2)(a)(viii) above, provided that such individuals comply with the obligations described in those paragraphs.

Collectively, those persons indicated by (i) through (viii) in section 2(a) are the "Approved Persons." Approved Persons having access to Confidential Matter shall not disclose such Confidential Matter to any person not bound by this Order.

(c) Under no circumstances except those enumerated in subparagraphs 2(a) and 2(b) above shall Confidential Matter be disclosed to any other person or entity by a Receiving Party. Prior to any disclosure, included disclosure permitted by this Order, the Receiving Party (or other party making the disclosure) shall inform such person to whom the disclosure is to be made that the material is confidential and that it may not be disclosed, except as provided in this Order.

(d) Prior to any disclosure of Confidential Matter to a person identified under either subparagraph 2(a)(vii) as a testifying or consulting expert or subparagraph 2(a)(viii) above, (i) the party or counsel for the party disclosing the Confidential Matter shall advise such person to whom the Confidential Matter will be disclosed that the Court has ordered that such Confidential Matter shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than as allowed by this Order, and (ii) such person to whom the Confidential Matter will be disclosed must first read this Protective Order and sign a copy of the written undertaking attached hereto as **Appendix A**, thereby agreeing to adhere to, and agreeing to be bound to the terms of this

Order as a Receiving Party and also becoming personally subject to this Protective Order and the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Order. Each person executing such a written undertaking agrees that any and all Confidential Matter received shall be used solely for purposes of this litigation. If any such person so identified to receive Confidential Matter refuses or fails to execute a copy of the written undertaking attached as Appendix A, Confidential Matter shall not be disclosed to such person.

(e) Should counsel for a party seeking to disclose Confidential Matter be unable, after using his or her best efforts, to secure the specified executed written undertaking from any person(s) identified in subparagraphs 2(a)(vii) and (viii) above, such counsel shall not make the disclosure contemplated and may: (i) communicate with counsel for the Producing Party in a good faith effort to resolve the matter informally; and (ii) if the matter cannot be resolved informally, then counsel for the Receiving Party may, with notice to counsel for the Producing Party, apply to the Court for relief from the requirements of paragraph 2 above with respect to such expert, witness or prospective witness.

(f) A copy of each executed written undertaking referred to in subparagraph 2(d) above shall be retained in a secure place by counsel for the Receiving Party making the disclosure to the applicable third party for at least sixty (60) days after the conclusion of this proceeding, including all appeals. The exchange or production of the written undertakings will be either upon agreement of the parties or upon further order of this Court.

(g) If any Receiving Party desires to disclose Confidential Matter to any person or persons assisting them in this litigation other than persons identified in subparagraphs 2(a) above, counsel for that Receiving Party shall confer with counsel for the Producing Party in a good faith effort to resolve the question whether the Confidential Matter may be disclosed for the purpose or

purposes sought by the Receiving Party. If, after a good faith meeting, the parties are not able to resolve whether the Confidential Matter may be disclosed, the Receiving Party may, at any time, apply to this Court in writing for permission to disclose the Confidential Matter and shall state with reasonable particularity the identity of the persons to whom such Confidential Matter is to be disclosed, the reason for the desired disclosure, and a description of the Confidential Matter that is to be included in such disclosure. The Producing Party shall have ten (10) days following service of such an application -- unless the time for response is otherwise shortened or lengthened by the Court -- to file any objections thereto, in which case no disclosure shall be made until the issue has been resolved by the Court or the parties.

    3.    <u>Filing Under Seal.</u>

    (a)    <u>Information Subject to Confidentiality Provision in the Settlement Agreement</u>. Per the Court's Order dated March 14, 2017 (DE#31), the Court granted the motion by Defendant and Counterclaimant Edge-Works Manufacturing Company d/b/a "G-Code" for leave to file certain documents under seal that include (i) a copy of the Settlement Agreement, (ii) any disclosure of any monetary figures contained in the Settlement Agreement, and/or (iii) any disclosure of the specific terms of Sections 3, 7, or 10 of the Settlement Agreement (collectively, "<u>Redactable Information</u>"). In the event any party to this action hereafter makes any filing that includes Redactable Information, the filing party may, without further leave of the Court, protect all Redactable Information against access by the public as follows: (a) the document(s) containing Redactable Information shall be filed publically with only the Redactable Information redacted from view or access by the public, and (b) an un-redacted copy of such filing shall be filed UNDER SEAL, and shall remain SEALED until further order of the Court. This paragraph (a) shall apply

to documents that contain only Redactable Information; documents that contain Redactable Information and Confidential Matter shall be filed pursuant to subparagraph 2(b) below.

(b) <u>Confidential Matter protected by Protective Order.</u> Before filing any information that has been designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Order, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the designated materials under seal in accordance with Section G of the ECF Manual and Local Civil Rule 79.2, EDNC, with notice served upon the producing party.

Except as provided in Section 3(a) above, each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

4. <u>Pretrial Disclosures.</u>  To the extent any pretrial disclosure pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure lists or includes any Confidential Matter, the disclosure shall note the confidentiality designation.

5. <u>Reservation of Rights and Subpoenas</u>.  Nothing contained in this Order shall:

(a) Limit a Receiving Party's use of documents and information obtained other than through discovery or other service of papers (*e.g.*, briefs, motions, pretrial filings) in this action;

(b) Limit the right of the Producing Party to disclose Confidential Matter of its own, such disclosure not being subject to the protective procedures set forth in this Order;

(c) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

(d) Limit or restrict the right of any party to attach to or incorporate the content of any Confidential Matter in any paper filed with the Court or to show a deponent at a deposition a document that has been designated as Confidential Matter pursuant to the provisions of this Order, subject to the restrictions and conditions listed in paragraphs 1 through 4 above; or

(e) Limit or restrict a Receiving Party (or its counsel) from providing Confidential Matter in response to a validly issued subpoena, court order, government order, or legal notice in a proceeding other than this lawsuit, except that, to the extent permitted by law, the person(s) receiving such subpoena, order or notice (the "<u>Subpoena Recipient</u>") shall give the Producing Party notice of the required disclosure, unless otherwise prohibited by law or court/government order.  The Producing Party may apply, with notice to the Subpoena Recipient, for an order of protection from a court or other entity of competent jurisdiction.

(f) Nothing herein shall prevent disclosure beyond the terms of this Order if the Party designating the information as Confidential Matter consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

6. <u>Conclusion of Litigation.</u> At the final conclusion of this litigation, including, without limitation, any and all appeals or re-trials, all counsel and every person to whom Confidential Matter has been disclosed shall destroy (with certification to the Producing Party) or return to counsel for the Producing Party all materials designated as Confidential Matter, including any copies, extracts or summaries thereof; except that counsel for the Receiving Party may retain a copy of the Confidential Matter (the "<u>Historical Copy</u>"), so long as it continues to agree to and to be bound by this Protective Order with respect to the Historical Copy. As to those materials containing or reflecting Confidential Matter, but which constitute counsel's work product or other privileged material, counsel shall destroy such work product or other privileged material and all copies thereof, except as provided above concerning the Historical Copy. This Protective Order does not require the Receiving Party to return materials that were in its possession prior to the commencement of this lawsuit. The Producing Party and the Receiving Party may agree on a different procedure for disposing of Confidential Matter.

7. <u>Challenges.</u> Any party shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any information, documents or things designated by the Producing Party as Confidential Matter. Any such challenge shall be made no later than the time designated in Rule 26(a)(3) of the Federal Rules of Civil Procedure for objections to the admissibility of materials. Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

8. <u>Third Party Productions.</u>  It is understood that this Order applies to all third-party document requests and subpoenas duces tecum.  All documents received from such a request shall be treated as Confidential Matter for ten (10) days.  Within that ten-day period, any party may notify the Receiving Party that some, or all, of the documents so received are to be treated as Confidential Matter.  Otherwise, the documents not specifically designated as Confidential Matter will be treated as non-confidential.  This in no way precludes any party from taking steps to file objections to production by a third party in accordance with the Federal Rules of Civil Procedure.

9. <u>No Inferences.</u>  The identification of any information, documents or things as Confidential Matter pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality or legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action.  Nothing herein, however, shall preclude the Producing Party from seeking confidential treatment from the Court with respect to such information, documents or things or from raising any available objection, including, but not limited to, the admissibility of evidence, materiality, work product or privilege.

10. <u>Non-Waiver of Privilege.</u>  The production of documents in response to document requests of the parties shall not constitute or cause a waiver of any attorney-client, work product or other privilege or doctrine that may apply to such documents.  Any party, however, shall have the right to challenge any assertion of attorney-client privilege or work product protection by seeking an order of the Court with respect to any information, documents or things designated by the Producing Party as subject to the attorney-client privilege or work product doctrine.  Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any disputes concerning the treatment of any document, information or thing as to which the attorney-client privilege or work product protection has been asserted.

11. <u>Inadvertent Production and Claw-Backs.</u>  Inadvertent production of documents (hereinafter "<u>Inadvertently Produced Documents</u>") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing within a reasonable period of time from the discovery of the inadvertent production ("<u>Clawback</u>" request).  If such notification and Clawback request is made, the Inadvertently Produced Documents and all copies thereof shall, upon request, be returned to the Producing Party, all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database.  If the Receiving Party elects to file a motion as set forth below, the Receiving Party, subject to the requirements below, may retain possession of the Inadvertently Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below.  If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph concerning return and non-retention.  No use shall be made of such Inadvertently Produced Documents during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them.  The party receiving such Inadvertently Produced Documents may, after receipt of the producing party's notice of inadvertent production, move the Court within ten (10) days to dispute the claim of privilege or immunity, but the motion shall not assert as a ground therefore the fact or circumstances of the inadvertent production.  Pursuant to Rule of Evidence 502, there is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document clawed-back under this paragraph, whether the privileged document

13

was inadvertently provided following review or as part of a "Quick Peek" production. In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently Produced Documents, the Receiving Party shall promptly notify the Producing Party in writing of the apparently inadvertent production.

12. <u>Binding.</u> After the termination of this action, this Order shall continue to be binding upon the parties hereto and all persons to whom Confidential Matter has been disclosed or communicated.

13. <u>Time Periods.</u> All time periods contained in this Order shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

14. <u>Sanctions.</u> All parties receiving Confidential Matter under this Order may be subject to sanctions for violating this Order.

15. <u>Modifications.</u> This Order may be modified in the event that the parties agree to a modification of the provisions hereof or such modification is ordered by this Court.

SO AGREED, this the 17th day of May, 2017.

/s/ Andrew L. Rodenbough
Andrew L. Rodenbough
Thomas G. Varnum
BROOKS, PIERCE, McLENDON,
 HUMPHREY & LEONARD, LLP
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 373-8850
*Attorneys for Plaintiff and Counterdefendant HSG, LLC d/b/a High Speed Gear*

| /s/ Gregory D. Latham (w/ permission) | /s/ Matthew C. Coxe (w/ permission) |
|---|---|
| Gregory D. Latham, Esq. | Matthew C. Coxe, Esq. |
| Intellectual Property Consulting, LLC | The Coxe Law Firm, PLLC |
| 334 Carondelet Street, Suite B | 310 New Bridge Street |
| New Orleans, LA 70130 | Jacksonville, NC 28540 |
| *Attorney for Defendant and Counterclaimant Edge-Works Manufacturing Company d/b/a "G-Code"* | *Attorney for Defendants and Counterclaimants Albert Gene Higdon, Jr., A G Higdon LLC d/b/a "Mean Gene Leather" and Rebecca A. Higdon* |

SO ORDERED, this the 18th day of May, 2017.

_____
The Honorable Louise Wood Flanagan
United States District Court Judge

# ATTACHMENT A

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL INFORMATION**

I hereby acknowledge that I am about to receive confidential material supplied in connection with the lawsuit styled *HSG, LLC d/b/a High Speed Gear v. Edge-Works Manufacturing Company d/b/a G-Code et al.*, EDNC Case No. 7:17-CV-29-FL.

I certify my understanding that such materials are provided to me pursuant to the terms contained in the Protective Order dated _____, 2017, and that I have been given a copy of, have read, and understand and agree to be bound by the terms thereof as a Receiving Party.

Moreover, I agree to be subject to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Order.

_____

Signature

_____

(Print Name)