UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:17-CV-00029-FL

| | |
|---|---|
| HSG, LLC d/b/a "HIGH SPEED GEAR,"<br><br>　　　Plaintiff and Counterdefendant,<br><br>　　　v.<br><br>EDGE-WORKS MANUFACTURING<br>COMPANY d/b/a "G-CODE," *et al.*,<br><br>　　　Defendants and Counterclaimants. | **CONSENT ORDER<br>GRANTING MOTION FOR<br>PRELIMINARY INJUNCTION** |

This matter came before the Court on a Motion for Preliminary Injunction [DE-70] filed by Plaintiff and Counter defendant HSG, LLC d/b/a "High Speed Gear" ("Plaintiff"). For good cause shown, and given that Defendants Albert Gene Higdon, Jr., ("Defendant Higdon") and A G Higdon, LLC d/b/a "Mean Gene Leather" ("Defendant Mean Gene Leather"), through counsel, consent to the entry of this Order the Court hereby FINDS and CONCLUDES that:

1. The parties to this action entered into a Global Settlement Agreement dated December 8, 2015, which Global Settlement Agreement contains a clause prohibiting the Defendants Higdon and Mean Gene Leather from disparaging Plaintiff and others (the "Non-Disparagement Clause"), which Non-Disparagement Clause reads

> Each of the Defendant Parties [including Defendants Higdon and Mean Gene Leather], including their Representatives, hereby agree not to make, or cause or encourage others to make, any statements—written or verbal—that defame, disparage or in any way criticize the character, personal and business reputations, practices, or conduct of HSG, its employees, its members, its managers, and its officers. This prohibition extends to statements made to any party, specifically including but not limited to the news media, potential investors, directors, competitors, partners, vendors, current and former employees, and current or prospective customers.

2. Defendants Higdon and Mean Gene Leather have, since September 21, 2017, published a series of social media postings to social media accounts controlled by Defendants Higdon and Mean Gene Leather (the "Social Media Posts").

1

3. Plaintiff HSG contends the Social Media Posts disparage both Plaintiff HSG and its member manager in violation of the Non-Disparagement Clause.

4. Plaintiff HSG's claims in this action allege that, *inter alia*, Defendants Higdon and Mean Gene Leather have breached the express and implied terms of Global Settlement Agreement.

5. Defendant Higdon and Defendant Mean Gene Leather make no admissions as to the allegations in plaintiff's Complaint, Plaintiff's Motion for Preliminary Injunction, or in Plaintiff's filings in support of its Motion, but nonetheless agree to entry of a preliminary injunction and removal of the Social Media posts as outlined below.

6. The parties further stipulate that Plaintiff has sufficient assets with which to pay damages to the Defendants Higdon and Mean Gene Leather in the event it is later determined that they were wrongfully enjoined or restrained hereby, and that such Defendants will not likely be harmed by the entry of this Order.

7. Based on the Parties' agreement to the entry of a preliminary injunction order with the terms stated herein, it is not necessary for the Court to adjudicate the Plaintiff's Motion or to make any further findings of fact.

WHEREAS, without any admission of liability and without any preclusive effect, the parties have jointly agreed to entry of a preliminary injunction to preserve the status quo pending the present litigation, on the following terms:

In part upon agreement of the Parties and in part upon the findings and conclusions set forth herein, IT IS HEREBY ORDERED THAT, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a Preliminary Injunction shall be immediately entered as, follows:

1. Defendants Higdon and Mean Gene Leather must remove the following Social Media Posts within twenty-four (24) hours of entry of this Consent Order:

a. A post by Defendant Higdon to his Facebook account of September 26 at 12:08 pm, identified in Exhibit E to the Declaration in support of the Motion for Preliminary Injunction [DE 72-6];

b. A post by Defendant Higdon to his Facebook account of September 26 at 9:37 am, identified in Exhibit F to the Declaration in support of the Motion for Preliminary Injunction [DE 72-7];

c. A post to Defendant Higdon's Facebook page, which Facebook page is controlled by Defendant Higdon, by Jamie Wehmeyer on September 22 at 9:25 am;

d. A post by Defendant Higdon to his Facebook account on September 22 at 6:24 am, which has been altered from, but is otherwise identified in, Exhibit C to the Declaration in support of the Motion for Preliminary Injunction [DE 72-4];

e. A post to Defendant Higdon's Facebook page, which Facebook page is controlled by Defendant Higdon, by Jim Fuller on September 22 at 5:26 am, identified in Exhibit G to the Declaration in support of the Motion for Preliminary Injunction [DE 72-8];

f. A post by Defendant Higdon to his Facebook account of September 22 at 12:59, which has no caption but is identified as an updated cover photo;

g. A post by Defendant Gene Higdon to his Facebook account of September 22 at 12:07 am, with the caption "Who, look! These hold GPS tracking devices!"; and

    h. A post by Defendant Mean Gene Leather or Defendant Higdon to the mean_gene_leather Instagram account on September 24, which is the only post to that account on September 24.

2. Defendants Higdon and Mean Gene Leather must remove any and all additional posts and comments by them (or re-postings by others of posts of comments made by either such Defendant) to their social media accounts, and any and all other published statements that violate the Non-Disparagement Clause, within twenty-four (24) hours of entry of this Consent Order; and

3. Defendants Higdon and Mean Gene Leather, as well as each other person or entity in active concert or participation with them, are hereby RESTRAINED and ENJOINED, at all times until the final adjudication of this civil action or prior order of this Court to the contrary, from:

    a. making or publishing any further statements or online posts that defame, disparage or in any way criticize the character, personal and business reputations, practices, or conduct of HSG, its employees, its members, its managers, and its officers; and

    b. "liking" or otherwise expressing approval of or agreement with statements or online posts by others that defame, disparage or in any way criticize the character, personal and business reputations, practices, or conduct of HSG, its employees, its members, its managers.

4. No security shall be required of Plaintiff, as provided in Rule 65(c) if the Federal Rules of Civil Procedure, in connection with this Order.

SO ORDERED. This the 1st day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

WE CONSENT:

| | |
|---|---|
| /s/ Matthew C. Coxe | /s/ Thomas G. Varnum |
| Matthew C. Coxe | Thomas G. Varnum |
| thecoxelawfirm@gmail.com | tvarnum@brookspierce.com |
| North Carolina State Bar No. 34567 | North Carolina State Bar No. 38567 |
| The Coxe Law Firm, PLLC | BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, LLP |
| 310 New Bridge Street | 115 North 3rd Street, Suite 301 (28401) |
| Jacksonville, NC 28540 | Post Office Box 2460 |
| Telephone: (910) 346-9886 | Wilmington, North Carolina 28402 |
| Fax: 9910) 346-1729 | Telephone: (910) 444-2000 |
| | Fax: (910) 444-2001 |

*Attorney for Defendants Albert Gene Higdon, Jr. and A G Higdon, LLC d/b/a "Mean Gene Leather"*

*Attorney for Plaintiff and Counterdefendant HSG, LLC d/b/a High Speed Gear*

Date: October 23, 2017