| | |
|---|---|
| HSG, LLC d/b/a "HIGH SPEED GEAR,"<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>EDGE-WORKS MANUFACTURING COMPANY d/b/a "G-CODE," *et al.*,<br><br>    Defendants and Counterclaimants. | **SUPPLEMENTAL COMPLAINT** |

Plaintiff and Counterdefendant HSG, LLC d/b/a High Speed Gear ("HSG"), through counsel, and pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and for its supplemental complaint against Defendants Gene Higdon and A G Higdon LLC d/b/a "Mean Gene Leather" ("Mean Gene") alleges and says as follows:

167. HSG realleges and incorporates by reference all allegations of HSG's First Amended Complaint [DE # 2-9] (the "Amended Complaint") as if fully set forth herein.

168. The Settlement Agreement contains a Non-Disparagement clause (the "Non-Disparagement Clause"), which reads:

> Each of the Defendant Parties, including their Representatives, hereby agree not to make, or cause or encourage others to make, any statements—written or verbal—that defame, disparage or in any way criticize the character, personal and business reputations, practices, or conduct of HSG, its employees, its members, its managers, and its officers. This prohibition extends to statements made to any party, specifically including but not limited to the news media, potential investors, directors, competitors, partners, vendors, current and former employees, and current or prospective customers.

169. The term "Defendant Parties," as used in the Non-Disparagement Clause, is defined in the Settlement Agreement to include, among others, both Defendant Gene Higdon and Defendant Mean Gene Leather.

170. Upon information and belief, Defendant Mean Gene Leather owns and controls the Instagram account located at www.instagram.com/mean_gene_leather/ (the "MGL Instagram Account").

171. Upon information and belief, Defendant Gene Higdon is responsible for approving postings to the MGL Instagram Account.

172. Upon information and belief, Defendant Gene Higdon owns and controls the Facebook account located at www.facebook.com/gene.higdon.7 ("Gene Higdon's Facebook Account").

173. Upon information and belief, Defendant Gene Higdon is responsible for approving postings to the Gene Higdon Facebook Account.

174. Since the time of filing of the Amended Complaint, Defendants Gene Higdon and Mean Gene Leather have published a series of posts and comments to their respective social media accounts.

175. Beginning on Friday, September 22, 2017, many of those social media posts and comments directly and indirectly reference HSG and/or HSG's member-manager (collectively, the "Disparaging Posts").

176. True and accurate copies of some of the Disparaging Posts are attached hereto as **Exhibits E** through **M**. Among other things, the Disparaging Posts depict or state the following:

   a. A claim that HSG's member-manager got caught interacting with a convicted felon and drug abuser, juxtaposed to direct references to HSG's member-manager's "nice wife" and "some very nice children at home" [**Ex. E**];

   b. A crude and offensive image of Mean Gene Leather's BURRITO magazine pouch appearing to sodomize, non-consensually, a taco (an obvious reference to HSG's TACO magazine pouch) [**Ex. F**];

   c. An image of a skeleton with a dagger shown stabbed through HSG's TACO magazine pouch, with hashtags such as #fuckthem and #nofucksgiven [**Ex. G**];

d. A statement that HSG's member-manager is "a lowlife, Butthurt individual whom throws a hissy fit cause he can't have everything! A sorry excuse of a person whom does not need to be in this industry!" [**Ex. H**];

e. A statement that Gene Higdon has not "purchased a Fucking [*sic*] peice [*sic*] of kit from HSGI since [he] left, and [he] will most certainly will [*sic*] not in the Future [*sic*]!" with a later statement that HSG has "NO concerns for others than their Greedy [*sic*] selves!" [**Ex. I**];

f. A reference to HSG's member-manager as a "Butt-nut" [**Ex. J**];

g. Suggestions that HSG does not know what it's doing, and is riding on the coat tails of others [**Ex. K**];

h. A suggestion that HSG would make more of itself if it "spent more time Innovating [*sic*] than trying to sue others" [**Ex. L**]; and

i. A statement that, 5 years after Gene Higdon and Defendant Rebecca Higdon sold the High Speed Gear business to HSG, HSG has not "amounted to much" and "[i]f they spent more time innovating rather than Going [*sic*] after me in made up lawsuits, perhaps they might accomplish something. They were only concerned about the dollar by hook or crook. Look how they ruined the Great [*sic*] relationship with RD, GC, MM, WS, SK, and more, and that was before I even left them!" [**Ex. M**].

177. The foregoing Disparaging Posts disparage and criticize the character, personal and business reputations, practices, and conduct of HSG, as well as HSG's member-manager.

178. Defendants Gene Higdon and Mean Gene Leather published the Disparaging Posts to third parties (*i.e.*, viewers of their respective social media accounts).

179. Upon information and belief, Defendant Gene Higdon has made other statements directly to third parties that tend to disparage the personal and business reputations, practices, or conduct of HSG and/or its member-manager.

180. One or more of the statements made in the Disparaging Posts are factually untrue.

### TENTH CLAIM FOR RELIEF
### Breach of Contract – Disparagement
### (against Defendants Gene Higdon and Mean Gene Leather)

181. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

182. As hereinabove alleged, Defendants Gene Higdon and Mean Gene Leather have breached the Settlement Agreement by publishing the Disparaging Posts and making other

3

negative statements about HSG and its member-manager, in violation of the Non-Disparagement Clause.

183. Such conduct violates the express terms of the Settlement Agreement, as well as the implied covenant of good faith and fair dealing therein.

184. As a result of such breaches, HSG has been and continues to be irreparably harmed.

185. Section 27 of the Settlement Agreement provides that specific performance is available to compel a party's performance of that agreement. Unless the terms of the Non-Disparagement Clause in the Settlement Agreement are specifically enforced by order of this Court and the acts complained of herein are enjoined, HSG reasonably believes that Defendants Gene Higdon and Mean Gene Leather will continue to breach the Settlement Agreement as described herein. For example, HSG reasonably believes that Defendants Gene Higdon and Mean Gene Leather will continue to refuse to remove the Disparaging Posts from their social media accounts.

186. HSG has no adequate remedy at law in connection with the breaches described herein.

187. As a result of the conduct complained of herein, HSG has been damaged in an amount to be proven at trial.

### ELEVENTH CLAIM FOR RELIEF
### Unfair or Deceptive Trade Practices
### (against Defendants Mean Gene Leather and Gene Higdon)

188. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

189. The Disparaging Posts—which are immoral, unethical, unscrupulous, and substantially injurious to consumers—are unfair.

190. Among other reasons, the acts complained of herein are unfair or deceptive because Defendant Gene Higdon and his wife (Defendant Rebecca Higdon) sold the High Speed Gear

4

business to HSG for more than $1,000,000, and the Disparaging Posts and other statements and activities complained of herein are intentionally designed to interfere with, divert, or otherwise disrupt—and have interfered with, diverted, or otherwise disrupted—the goodwill from that business that HSG rightfully should enjoy.

191. For example, a statement posted to Gene Higdon's Facebook account asserts 5 years after Gene Higdon and Defendant Rebecca Higdon sold the High Speed Gear business to HSG, HSG has not "amounted to much" and "[i]f they spent more time innovating rather than Going [*sic*] after me in made up lawsuits, perhaps they might accomplish something. They were only concerned about the dollar by hook or crook. Look how they ruined the Great [*sic*] relationship with RD, GC, MM, WS, SK, and more, and that was before I even left them!" [*See* **Ex. M**]. Comments made by viewers in response to the various Disparaging Posts show the adverse effect the Disparaging Posts have had, and are having, on HSG.

192. Among other reasons, the acts complained of herein are unfair or deceptive because HSG remains subject to a reciprocal non-disparagement clause vis-à-vis Defendants Gene Higdon and Mean Gene Leather in the Settlement Agreement. Unlike such Defendants, HSG is committed to honoring the letter and spirit of its covenants and obligations in the Settlement Agreement. As such, HSG is at a distinct disadvantage in the marketplace in its ability to respond to or otherwise counter the unlawful Disparaging Posts being unfairly targeted at HSG.

193. Among other reasons, the acts complained of herein are unfair or deceptive because one or more of the posts were defamatory which, under North Carolina law, if proven properly supports a claim for unfair or deceptive trade practices.

194. The Disparaging Posts were made on forums that are generally open to the public.

5

195. The Disparaging Posts have harmed, and are likely to continue harming, HSG and its member-manager in their trade and business activities.

196. Upon information and belief, the Disparaging Posts were made to consumers, particularly to consumers of tactical gear products such as those sold by HSG.

197. Such conduct of Mean Gene Leather and Gene Higdon was taken in or has been affecting commerce.

198. The conduct alleged above by Defendants Gene Higdon and Mean Gene Leather constitutes unfair or deceptive trade practices under North Carolina law, including N.C. Gen. Stat. § 75-1.1 *et seq*.

199. As a direct and proximate result of Mean Gene Leather's and Gene Higdon's unfair or deceptive trade practices, HSG has suffered injury, including without limitation damage to HSG's reputation and goodwill, as well as all resulting lost sales.

200. As a result of Mean Gene Leather's and Gene Higdon's unfair or deceptive trade practices, HSG is entitled to an award of its damages, trebling of such damages, costs, interest, and attorneys' fees.

**WHEREFORE**, HSG respectfully prays:

11. HSG realleges and incorporates by reference all prayers for relief set forth in the Amended Complaint as if fully set forth herein.

12. For an order enjoining, preliminarily and permanently, further breaches of the Non-Disparagement Clause by Defendants Gene Higdon and Mean Gene, and requiring such Defendants to remove all Disparaging Posts to their social media accounts, and any and all other published statements that violate the Non-Disparagement Clause;

13. For an order of specific performance compelling compliance with the Non-Disparagement Clause in the Settlement Agreement by Defendants Gene Higdon and Mean Gene Leather;

14. For an order trebling compensatory damages awarded to HSG and against Defendants Mean Gene Leather and Gene Higdon, on account of its unfair or deceptive trade practices, as allowed by law; and

15. For such other and additional relief as the Court may deem just and proper.

This the 2nd day of November, 2017.

    /s/ Thomas G. Varnum
Thomas G. Varnum
   tvarnum@brookspierce.com
   North Carolina State Bar No. 38567
Andy L. Rodenbough
   arodenbough@brookspierce.com
   North Carolina State Bar No. 46346
BROOKS, PIERCE, MCLENDON,
   HUMPHREY & LEONARD, LLP
115 North 3rd Street, Suite 301 (28401)
Post Office Box 2460
Wilmington, North Carolina 28402
Telephone: (910) 444-2000
Fax: (910) 444-2001

*Attorneys for Plaintiff and Counterdefendant HSG, LLC d/b/a High Speed Gear*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing SUPPLEMENTAL COMPLAINT was filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following counsel:

    Kieran J. Shanahan, Esq.
    Brandon S. Neuman, Esq.
    John E. Branch, III, Esq.
    Shanahan McDougal, PLLC
    128 E. Hargett Street, Suite 300
    Raleigh, NC 27601
    *Attorney for Defendant and Counterclaimant Edge-Works Manufacturing Company d/b/a "G-Code"*

    Gregory D. Latham, Esq.
        *Attorney for all Defendants and Counterclaimants*
    Stephen M. Kepper, Esq.
        *Attorney for Defendant and Counterclaimant Edge-Works Manufacturing Company d/b/a "G-Code"*
    Intellectual Property Consulting, LLC
    334 Carondelet Street, Suite B
    New Orleans, LA 70130

    Matthew C. Coxe, Esq.
    The Coxe Law Firm, PLLC
    310 New Bridge Street
    Jacksonville, NC 28540
    *Attorney for Defendants and Counterclaimants Albert Gene Higdon, Jr., A G Higdon LLC d/b/a "Mean Gene Leather" and Rebecca A. Higdon*

    /s/ Thomas G. Varnum
    Thomas G. Varnum
    tvarnum@brookspierce.com
    North Carolina State Bar No. 38567
    BROOKS, PIERCE, MCLENDON,
       HUMPHREY & LEONARD, LLP
    115 North 3rd Street, Suite 301 (28401)
    Post Office Box 2460
    Wilmington, North Carolina 28402
    Telephone: (910) 444-2000
    Fax: (910) 444-2001

    *Attorneys for Plaintiff and Counterdefendant HSG, LLC d/b/a High Speed Gear*