IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-29-LF

| | |
|---|---|
| HSG, LLC d/b/a "HIGH SPEED GEAR," <br><br> Plaintiff, <br><br> v. <br><br> EDGE-WORKS MANUFACTURING COMPANY d/b/a "G-CODE" *et al.*, <br><br> Defendants. | **ORDER ON** <br> **G-CODE'S MOTION TO SEAL** |

**ORDER**

Before the Court is Defendant Edge-Works Manufacturing Company's, d/b/a G-Code, Unopposed Motion to Seal the unredacted version of plaintiff, HSG, LLC's d/b/a High Speed Gear ("HSG") Motion to Amend Case Management Order (DE # 81)(the "Motion").

The Motion seeks to adjust several pre-trial deadlines to allow HSG to conduct additional discovery on the composition and manufacturing of the material used in G-Code's Softshell Scorpion product. This Court agrees with G-Code that information cited therein relating to the manufacturing and composition of its product, including the identity of its third party manufacturer, is the type of proprietary trade secret information that courts routinely allow to be filed under seal. The Court therefore finds that it is appropriate to enter an order sealing the unredacted version of HSG's Motion. In order to minimize concerns relating to public access, the Court will direct the Clerk to publically file the redacted version of HSG's Motion.

The Court has come to this conclusion mindful of the factors set forth in Section 3(b) of the Protective Order; see also, *Ashcraft v. Cononco, Inc.* 218 F.3d 288, 302 (4th Cir. 2000), which mandates that before entering an order to seal documents, a district court must "(1) provide

1

public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decisions to seal the documents."

Docketing the motion to seal reasonably in advance of deciding the issue is sufficient to meet the public notice requirement. *Ashcraft*; *In re Knight Publishing Co.,* 743 F.2d 231, 235 (4th Cir. 1984). Additionally, by allowing G-Code to file a redacted version of the Motion, the sealing of documents is less drastic. *Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2011 U.S. Dist. LEXIS 26720, at *5 (E.D.N.C. Mar. 14, 2011). Lastly, the Court concurs with the prior precedent in this Circuit that the confidential nature of trade secrets, and any reference thereto, outweighs the public's right to access this document.

For these reasons, and for good cause shown, the Defendant's Motion to Seal the proposed Motion is GRANTED.

IT IS FURTHER ORDERED that the un-redacted version of the Motion (DE #81) shall remain SEALED until further order of this Court.

IT IS FURTHER ORDERED that the redacted version of the Motion shall be filed into the public record.

SO ORDERED, this 16th day of November, 2017.

_____
HON. LOUISE W. FLANAGAN
UNITED STATES DISTRICT COURT JUDGE